IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

POLARIS WIRELESS, INC.,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS
AMERICA, INC.,

*Defendants*.

Civil Action No. 2:25-cv-00980-JRG

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Polaris Wireless, Inc. ("Polaris") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in this case (the "Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

1

information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  Any such designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought or, in the case of files produced natively, in the file name, archive, or media on which the native file is produced.  For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice  of  the designation of some or all of that transcript as Protected Material.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:

(a)      all documents, electronically stored information, and/or things as defined by the

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Federal Rules of Civil Procedure;

(b)    all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings;

(c)    pretrial pleadings, exhibits to pleadings and other court filings;

(d)    affidavits;

(e)    discovery responses, including answers to interrogatories and to requests for admission; and

(f)    stipulations.

All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.  Any materials including information produced or provided under more than one designation shall be treated as designated under the more restrictive designation.  For example, material including information designated both CONFIDENTIAL and RESTRICTED – ATTORNEYS' EYES ONLY shall be treated as though designated RESTRICTED – ATTORNEYS' EYES ONLY.  As another example, information designated as both RESTRICTED – ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL SOURCE CODE shall be treated as though designated RESTRICTED CONFIDENTIAL SOURCE CODE.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED

MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached as Appendix A, which shall be provided to the Producing Party before disclosure of Protected Material to the in-house counsel;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action and who have completed the Undertaking attached as Appendix A, which shall be provided to the Producing Party before disclosure of Protected Material to the designated representative, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that

4

consultant or expert, to allow the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided they have an obligation not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(g)     the Court and its personnel; and

(h)     an author, signatory, or prior recipient of the document or the original source of the Protected Material. Such person shall be given access only to the specific document or information therein that the person authored, signed, or previously received.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY" to the extent such Protected Material constitutes sales data, or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" otherwise, or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-h); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client and who are required in good faith to provide assistance in the conduct of this litigation, provided that: before access is given, the in-house counsel has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party at least ten (10) days before access to the Protected Material is to be given to that in-house counsel, with a declaration describing that in-house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the in-house counsel is involved, or may become involved, in any

competitive decision-making, and affirming that in-house counsel's non-involvement in: (1) the preparation or prosecution of any U.S. or foreign patent application pertaining to the field(s) of the invention of the patents-in-suit (including any assistance with or supervision of such preparation or prosecution); and (2) any competitive decision making, including advising on decisions about pricing or design made in light of similar or corresponding information about a competitor and advising on decisions regarding patent acquisition, assertion, licensing, or monetization; during the pendency of this Action and for three years after its conclusion, including any appeals. The Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the in-house counsel. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the Party seeking to make the disclosure to the in-house counsel may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree. The objecting Party shall have the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to the in-house counsel. No disclosure shall occur until all such objections are resolved by agreement or Court order.

10.   For Protected Material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h).

11.   For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   (a)   Access to a Party's Source Code Material shall be provided only on one (1) "stand-alone" computer (that is, the computer may not be linked to any network, including

7

a local area network ("LAN"), an intranet or the Internet). Alternatively, solely at the option of the Producing Party, the Producing Party may make its Source Code Material available on the stand-alone computer configured to be networked in a manner deemed secure by the Producing Party. The stand-alone computer will be connected to reasonable input/output devices including a mouse and keyboard and maintained in a secure area.  Additionally, except as provided in paragraph 11(m) below, the stand-alone computer may only be located at the offices of the Producing Party's outside counsel;

(b)     Use or possession of any input/output device, device that can access the Internet or any other network or external system, or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, tablets, smartwatches, smart glasses, voice recorders, peripheral equipment, DVDs, or drives of any kind, etc.) is prohibited while in the secure area containing the stand-alone computer, except for a mouse and keyboard to be provided by the Producing Party. Except as provided in this Paragraph, the Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code Material from the stand-alone computer including, without limitation, copying, removing, or transferring any portion of the Source Code Material onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code Material in any way from the location of the Source Code inspection. All persons entering the secure area containing the stand-alone computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secure area;

(c)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time, on business days (i.e., weekdays that are not holidays). However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide at least ten (10) business days' notice of the Source Code Material that it wishes to inspect, but the Receiving Party will work in good faith to provide earlier notice. Thereafter, the Receiving Party shall provide reasonable written notice to the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection. In the event a Receiving Party intends to continue its review to the next business day, beyond the dates initially requested, it shall provide written notice by 3:00 p.m. (local time at the review location). A list of names of persons who will view the Source Code Material will be provided

to the Producing Party in conjunction with any written (including email) notice requesting inspection;

(e)    Proper identification of all authorized persons shall be provided prior to any access to the secure area or the stand-alone computer containing Source Code Material. Access to the secure area or the stand-alone computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. The Producing Party may maintain a daily log of the names of persons who enter the secure area to view the Source Code Material and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the room containing the stand-alone computer. The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any source code review to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. The Producing Party will provide a separate private workspace for the Reviewing Party. Following each inspection, the Receiving Party's representative(s) shall remove all notes, documents, and all other materials from the secure area. The Producing Party shall not be responsible for any items left in the secure area following each inspection session. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

(f)    The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

(g)    Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h)    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i)    Except as set forth in paragraph 11(m) below, no paper or electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j)    The Receiving Party shall be permitted to request that the Producing Party make up to four (4) copies of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party will make good faith efforts to comply with all such requests for printouts within five (5) business days of the request. No more than 250 pages of the total source code, and no continuous blocks of source code that exceed 15 pages, may be printed without the express written consent of the Producing Party. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action. The Receiving Party shall maintain a log of all printouts of Source Code Material. Should the Receiving Party require additional pages beyond the 250-page maximum, the Receiving Party shall seek written approval from the Producing Party. If the Parties cannot agree, the Receiving Party shall be permitted to move the Court for the ability to print additional Source Code Material;

(k)    Should such printouts be transferred to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l)    If the Receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Source Code Material shall be maintained at all times in a secure location under the direct control of individuals authorized under paragraph 11(g) responsible for maintaining the security and confidentiality of the Source Code Material and in a manner that prevents duplication of or unauthorized access to the Source Code Material, including, without limitation, storing the Source Code Material in a locked room or cabinet at all times, when it is not in use;

(m)    A Producing Party's Source Code Material may only be transported by the

Receiving Party at the direction of a person authorized under paragraph 11(g) above to another person authorized under paragraph 11(g) above, on paper via hand carry, Federal Express or other similarly reliable courier. When in transport from one of the above approved locations to another, the Receiving Party shall take reasonable measures to secure the Source Code Material. In the event air travel is needed for a deposition, the Source Code Material shall be carried on and not placed in checked luggage by the traveling attorney or witness.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported outside the offices of outside counsel for the Receiving Party or of the experts and/or consultants who have been approved to view the Source Code Material for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(l) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(n)    The Receiving Party's outside counsel, consultants, or experts shall be entitled to take notes relating to Source Code Material, but may not directly copy any portion of the Source Code Material into those notes, except that the notes may contain filenames, directory names, module names, procedure names, variable names, date information, developer names, company names, and developer comments. The Receiving Party's outside counsel, consultants, or experts may bring a USB memory device to the secure area solely for the purpose of taking such notes electronically using a designated notetaking laptop computer provided by the Producing Party. The notetaking laptop computer shall have all network connectivity disabled and be configured with Microsoft Word, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer. The USB memory device may not be used to store any files other than documents containing notes relating to Source Code Material as permitted herein. The Receiving Party shall encrypt any file on the USB memory device that contains Protected Material subject to this Order using Microsoft Word's "Encrypt with Password" functionality accessible through the File -> Info -> Protect Document menu in Microsoft Word. The Receiving Party's outside counsel, consultants, or experts may not copy any portion of the Source Code Material into the notes and may not take such notes electronically on the stand-alone computer itself. Any notes relating to the Source Code Material shall be treated as Source Code Material and designated RESTRICTED CONFIDENTIAL SOURCE CODE. Each page of any such notes shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and treated as such. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein.

(o)    The stand-alone computer shall have reasonable analysis tools that are appropriate for viewing and searching the Source Code Material produced, including a text editor capable of printing to PDF the Source Code Material with filename, page,

11

and line number; a PDF viewer; a comparison tool; and a multi-text file search tool. The Receiving Party's outside counsel may request that additional, commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer. The Producing Party, however, shall have the right to decline such a request if the Producing Party has a good faith belief that the software could compromise the security of the stand-alone computer or another reasonable objection. The Receiving Party must provide the Producing Party with the CD, DVD, or USB drive containing the software or instructions for how the software may be downloaded for installation, together with any necessary licenses, at least seven (7) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the stand-alone computer.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED – ATTORNEYS' EYES ONLY,  RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY,  and/or  RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit. To avoid any doubt, nothing in this Order shall prohibit any attorney representing a Party, whether in-house or outside counsel, and any person associated with

a Party, from assisting, supervising, or otherwise participating in any *Ex Parte* Reexamination, *Inter Partes* Review, Post-Grant Review, or other post-issuance proceeding provided that any such person does not advise on, consult on, prepare, draft, or edit any amendment to the specifications or claims in those proceedings and does not share any HIGHLY SENSITIVE MATERIAL with any individual involved with amending any specifications or claims.

13.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

14.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized

to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil

Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Notwithstanding this provision, outside counsel are entitled to retain an archival copy of pleadings, expert reports, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and demonstratives and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any "CONFIDENTIAL," or "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. However, outside counsel shall not be entitled to maintain any document productions, Source Code Documents, or RESTRICTED CONFIDENTIAL SOURCE CODE information from a Producing Party for any reason whatsoever (including archival purposes).

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.   In the event of any disclosure of Protected Material other than in a manner authorized by this Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

30.   Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

31.   A Receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall not enter any information from a Producing Party's DESIGNATED MATERIAL into a cloud-based or publicly accessible artificial intelligence (AI) platform, such as Chat GPT, or any cloud-based or publicly accessible machine translation services like Google Translate that may result in the information becoming available to unauthorized parties, provided however, that a Receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall be permitted to engage reputable translation vendors to translate information from a Producing Party's DESIGNATED MATERIAL with the understanding that such vendors may use secure machine translation

tools (e.g., offline proprietary software that runs locally on the vendor's computers). A Receiving Party may use a Producing Party's DESIGNATED MATERIAL with enterprise-grade artificial intelligence tools that do not use the DESIGNATED MATERIAL to train the artificial intelligence models, do not retain the DESIGNATED MATERIAL, and do not allow the DESIGNATED MATERIAL to become public, provided however, that a Receiving Party shall not enter any information from a Producing Party's Source Code Material or Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE into any artificial intelligence tools. Any outputs of such enterprise-grade artificial intelligence tools that are derived from DESIGNATED MATERIAL shall be treated as designated under this Order in the same manner as the DESIGNATED MATERIAL and shall not be used for any purpose other than the litigation of this Action.

**So ORDERED and SIGNED this 12th day of March, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **POLARIS WIRELESS, INC.,** | |
| *Plaintiff,* | |
| *v.* | Civil Action No. 2:25-cv-00980-JRG |
| **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

My current employer is _____.

My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

1

designated as   "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY,"

"RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents

and things that I have prepared relating thereto, to the outside counsel for the party by

whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____